UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE LUIS CASTILLO REYES,

    Plaintiff,

v.                                Case No.:  2:26-cv-38-SPC-DNF

AMERICAN STRATEGIC
INSURANCE CORP.,

    Defendant.

## OPINION AND ORDER

On January 9, 2026, the Court issued an Order to Show Cause directing Defendant American Strategic Insurance Corp. to supplement its notice of removal to establish that the amount in controversy exceeds $75,000.  (Doc. 5). Defendant filed an Amended Notice of Removal, which does not cure the problem.  (Doc. 15).  Therefore, for the following reasons, the Court remands this case for lack of subject matter jurisdiction.

In its Order, the Court explained that Defendant's Notice of Removal relies on Plaintiff's Notice of Intent to Initiate Litigation ("NOI") to establish diversity jurisdiction.  (*Id.*).  But a conclusory demand in a NOI, without supporting documentation, does not prove the amount in controversy.  *Id.* (citing *Collins v. GEICO Gen. Ins. Co.*, No. 8:16-CV-280-T-24-MAP, 2016 WL 890089, at *2 (M.D. Fla. Mar. 9, 2016) (collecting cases)).

In the Amended Notice of Removal, Defendant merely states:

> Here, the "estimate of damages" reference in the NOIs are based upon not only the estimates from Plaintiffs' public adjuster but also itemized invoices for services from various mitigation entities for work performed, for which ASI denies liability. See Composite Exhibit 4.

(Doc. 15 at 4). Defendant conclusorily states that the mitigation invoices satisfy the amount in controversy. (*Id.*). Defendant ignores the fact that Exhibit 4 is 312 undifferentiated pages long. There is no index. There is no table of contents. Some pages are displayed sideways. Defendant does not cite any page number(s) referring the Court to a breakdown of the calculation of damages. Apparently, Defendant expects the Court to sift through hundreds of pages of invoices, determine the total charges for work, add them, and decide on its own whether they exceed $75,000. In short, Defendant's Amended Notice of Removal does nothing to aid the Court in determining that the amount in controversy has been met.

The Court is under no obligation to do the work of manufacturing the amount in controversy for Defendant. After all,

> "judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits—not only because the rules of procedure place the burden on the litigants, but also because their time is scarce." *Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662–63 (7th Cir. 1994). They need not endeavor to "fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

*Lowrance v. Berryhill*, No. 4:18-CV-89, 2019 WL 1085187, at *1 (S.D. Ga. Mar. 7, 2019).  Defendant failed to meet its burden to demonstrate that the amount in controversy has been met.  Because the Court cannot determine that it has diversity jurisdiction over this matter, the action is remanded.

Accordingly, it is now

**ORDERED:**

1.  This action is **REMANDED** to the Twentieth Judicial Circuit in and for Lee County, Florida.

2.  The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Lee County, Florida.

3.  The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 15, 2026.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3